UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JERIMY GREEN,

        Petitioner,

v.                                      Case No.  8:12-cv-1011-T-17AEP


SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.

_____

## **ORDER**

THIS CAUSE is before the Court on Petitioner Green's 28 U.S.C. § 2254 petition for

writ of habeas corpus.  Green challenges his conviction and sentence entered by the Circuit

Court for the Sixth Judicial Circuit, Pinellas County, Florida.  Because it plainly appears

from the petition and Green's attached exhibits that Green is not entitled to relief in the

district court, the Court will not require the Respondent to respond but shall proceed to

address the matter.

PROCEDURAL HISTORY

On March 23, 2010, Green entered a plea of guilty as charged to one count each

of armed burglary and possession of cocaine and two counts each of sale and/or delivery

of cocaine and possession of cocaine pursuant to a negotiated plea agreement.  On the

same date he was sentenced to concurrent terms of 10 years in prison with a mandatory

minimum of 10 years under the 10-20-Life statute on the armed burglary and 5 years in

prison on the remaining counts. Green did not file a direct appeal.

On September 24, 2010, Green timely filed a rule 3.850 motion for postconviction

relief raising one claim of ineffective assistance of counsel. On December 17, 2010, the

state trial court summarily denied the motion for postconviction relief. On August 5, 2011,

the state district court of appeal per curiam affirmed the denial of postconviction relief. The

mandate issued September 2, 2011. Green timely filed the present 28 U.S.C. § 2254

petition for writ of habeas corpus on May 3, 2012.

## DISCUSSION

Green raises the same claim in the present federal petition that he raised in his rule

3.850 motion for postconviction relief. The state trial court succinctly stated the claim as

follows:[1]

> In his motion the Defendant alleges that his plea was involuntarily entered due to the ineffective assistance of counsel. Specifically, the Defendant alleges that at some point during the pendency of his cases at a pretrial hearing possibly occurring in November or December, 2009, the State made a plea offer of 52 months in prison which was to remain open until the next pretrial hearing to permit the Defendant to discuss the offer with his family. However, at the next pretrial hearing the State withdrew the offer and offered 10 years instead.

> The Defendant's claim fails for several reasons. Even taking the Defendant's allegations as true, he does not state that counsel knew that the State would withdraw the plea offer until the Defendant and counsel appeared at the next pretrial hearing and the State withdrew its offer. The Defendant merely speculates that counsel knew of an expiration date of the plea offer and failed to communicate the date to the Defendant. Counsel cannot be ineffective for failing to anticipate the State's action. Because the Defendant does not indicate the date the plea offer was made it is possible that the offer was made before the armed burglary charge, in case number CRCO8-10857CFANO, a first degree felony punishable by life in prison, was

---

[1] See Green's Exhibit B, "Order Denying Defendant's Motion for Post-Conviction Relief" attached as exhibit one to this order.

filed.  Furthermore, the sentencing scoresheet filed in the Defendant's cases shows that his bottom of the guidelines score was 56 months.  (See Exhibit C:  Criminal Punishment Code Scoresheet).  Accordingly, the Court could not impose a 52-month sentence absent a downward departure.  Therefore, the Defendant fails to establish prejudice.  *State v. Green*, CRO8-20857CFANO; CRCO8-10275CFANO; CRO7-26376CFANO.

Moreover, the Court was required to impose a 10-year mandatory minimum sentence under the 10-20-Life statute for the charge of armed burglary.  The 10-20-Life statute requires the imposition of a mandatory minimum sentence where a firearm is possessed or used during the commission of certain enumerated crimes, including burglary.  *See* § 775.087(2)(a)1, Florida Statutes.  If a defendant possessed a firearm during the commission of an enumerated offense, he "*shall* be sentenced to a minimum term of imprisonment of 10 years."  *Mendenhall v. State*, 35 Fla. L. Weekly S631 (Fla. 2010) (Emphasis supplied).  The Defendant was charged with and pleaded guilty to actual possession of a firearm during commission of the burglary.  (See Exhibit D:  *Amended Felony Information).*  Therefore, the State could not have offered a plea and the Court could not have sentenced the Defendant to less than the mandatory minimum of 10 years in prison.  Therefore, the Defendant's motion is denied.

## DISCUSSION

"The Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected. That right applies to "all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S.Ct. 2079, 173 L.Ed.2d 955. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, established that *Strickland*'s two-part test governs ineffective-assistance claims in the plea bargain context. There, the defendant had alleged that his counsel had given him inadequate advice about his plea, but he failed to show that he would have proceeded to trial had he received the proper advice. 474 U.S., at 60, 106 S.Ct. 366." *Missouri v. Frye,* 132 S.Ct. 1399, 1405 (2012).

The *Frye* Court stated:

In *Padilla*,[2] the Court again discussed the duties of counsel in advising a client with respect to a plea offer that leads to a guilty plea. *Padilla* held that a guilty plea, based on a plea offer, should be set aside because counsel misinformed the defendant of the immigration consequences of the conviction. The Court made clear that "the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." 559 U.S., at ——, 130 S.Ct., at 1486.

To show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, **defendants must demonstrate a reasonable probability both that they would have accepted the more favorable plea offer had they been afforded effective assistance of counsel and that the plea would have been entered without the prosecution's canceling it or the trial court's refusing to accept it, if they had the authority to exercise that discretion under state law.**

132 S.Ct. at 1406, 1409 (Emphasis supplied).

Green cannot show prejudice because he cannot show that the plea would have been entered without the prosecution's canceling it or the state trial court's refusing to accept it. In Green's case, the trial court made clear that "the State could not have offered a plea and the Court could not have sentenced the Defendant to less than the mandatory minimum of 10 years in prison." In other words, the state trial court would not accepted the original plea offer.

Accordingly, the Court orders:

That Green's petition is denied. The Clerk is directed to enter judgment against Green and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of

---

[2] *Padilla v. Kentucky*, 559 U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 10, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Jerimy Green